# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 28, 2019

```
* * * * * * * * * * * * *
ROBERT B. RHODES,                  *        UNPUBLISHED
                                   *
             Petitioner,           *        No. 16-597V
                                   *        Special Master Gowen
v.                                 *
                                   *        Attorneys' Fees and Costs
SECRETARY OF HEALTH                *
AND HUMAN SERVICES,                *
                                   *
             Respondent.           *
* * * * * * * * * * * * *
```

Nancy R. Meyers, Ward Black Law, Greensboro, NC, for Petitioner.
Debra A. Filteau Begley, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 25, 2019, Robert B. Rhodes ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 73). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of **$43,683.41**.

### I.      Procedural History

On May 20, 2016, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he developed Transverse Myelitis ("TM") as a result of receiving an influenza ("flu") vaccination on November 13, 2014. Pet. at ¶ 22. On November 29, 2018, the parties filed a stipulation, which I adopted as my Decision awarding damages on the same day.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Decision, ECF No. 68.

On February 25, 2019, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for his attorney, Ms. Nancy Meyers, in the total amount of $44,620.23, representing $35,968.50 in attorneys' fees and $8,651.73 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants that he not personally incurred any costs in pursuit of this litigation. Fees App. Ex. 1 at 2. Respondent reacted to the fees motion on March 19, 2019, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 74). Petitioner filed a reply on March 19, 2019, concurring with Respondent's recommendation that I exercise my discretion and determine a reasonable award of fees and costs. Reply at 1 (ECF No. 75).

## II.     **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.  **Attorneys' Fees**

Petitioner requests the following rates of compensation for his attorney, Ms. Meyers: $350.00 per hour for work performed in 2015-2017, $375.00 per hour for work performed in 2018, and $390.00 per hour for work performed in 2019. Fees App. Ex.2 at 2. The rates for 2015-2018 are consistent with what Ms. Meyers has previously been awarded for her Vaccine Program work and is reasonable. *See Porges v. Sec'y of Health & Human Servs.*, No. 15-427V, 2018 WL 2772241, at*3 (Fed. Cl. Spec. Mstr. May 7, 2018); *Drake v. Sec'y of Health & Human Servs.*, No. 16-732V, 2018 WL 4391065, at*2 (Fed. Cl. Spec. Mstr. Aug. 20, 2018). Additionally, her requested rate for 2019 is reasonable given her years of experience, quality of work, and overall reputation in the Vaccine Program. Accordingly, no adjustment to the requested rates is required. However, Ms. Meyers billed several entries at various points between 2015-2017 at $375.00 per hour despite most of the entries in that time period being billed at $350.00 per hour in accordance with what the Court has previously awarded her. In sum, these erroneous entries total 7.4 hours. I will therefore reduce the award of fees by **$185.00** to correct for this error.

Upon review of the submitted billing statement, I find the overall hours spent on this matter require a minor reduction. The hours billed by Ms. Meyers (57.8) appear reasonable upon review. The hours billed by paralegals (103.7), however, appear somewhat excessive. There are multiple entries indicating that paralegals billed time for non-compensable administrative/clerical tasks such as scanning and preparing documents. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989). These entries typically combined administrative tasks with other compensable tasks into one larger entry (e.g., entries on 9/25/15, 3/30/16, 10/19/17, 6/27/18, 6/28/18). Paralegals also routinely billed 0.2 hours or more on downloading file-stamped versions of documents filed and calendaring deadlines, which is excessive in my experience (e.g., entries on 10/26/16, 8/14/17, 5/9/18, 5/10/18, 6/12/18, 7/13/18).

For these reasons, I will reduce the time billed by paralegals by 5% as I have in the past for similar issues. *See Dileo v. Sec'y of Health & Human Servs.*, No. 16-1639V, 2019 WL 1149785, at \*2 (Fed. Cl. Spec. Mstr. Feb. 21, 2019). This results in a reduction of **$751.82**.[3] Petitioner is therefore entitled to final attorneys' fees of **$35,031.68**.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $8,651.73, comprising of the cost of acquiring medical records, postage, and the expert work of Dr. Lawrence Steinman. Fees App. Ex. 2 at 2. Petitioner has provided adequate documentation supporting all these costs, and they shall be reimbursed in full. Petitioner is therefore entitled to final attorneys' costs of **$8,651.73**.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $35,968.50 |
| (Reduction of Fees) | - ($936.82) |
| **Total Attorneys' Fees Awarded** | **$35,031.68** |
| | |
| Attorneys' Costs Requested | $8,651.73 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$8,651.73** |
| | |
| **Total Attorneys' Fees and Costs** | **$43,683.41** |

**Accordingly, I award the following:**

---

[3] $15,036.50 billed by paralegals \* 0.05 = $751.82. Fees App. Ex. 2 at 2.

1) **A lump sum in the amount of $43,683.41, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Ms. Nancy Meyers.[4]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).